WILSON & COMPANY *v.* SMITH.

Opinion delivered December 7, 1925.

1. MASTER AND SERVANT—INSTRUCTION—FURNISHING SAFE MATERIALS.—In an action for personal injuries sustained by a servant while scrubbing floors with a mixture of hot water and lye, an instruction to the effect that to sustain a recovery the jury must find that plaintiff was injured without negligence on his part, and that the mixture had been negligently furnished by the master, was not objectionable for omitting that defendant was only required to use ordinary care to furnish safe material with which to work that question; the question of assumption of risk being covered by other instructions.

2. TRIAL—INSTRUCTION—UNDISPUTED QUESTION.—In an action for injuries sustained by a servant while scrubbing floors for the master, an instruction *held* not erroneous in submitting the question whether a preparation of hot water and lye was dangerous when any one of ordinary intelligence would know that it was,

since it was an essential part of plaintiff's case that the preparation be found to be a dangerous substance.

3. MASTER AND SERVANT—FURNISHING DANGEROUS SUBSTANCE—DUTY TO WARN.—In an action for injuries sustained by an ignorant servant while scrubbing floors for his employer with a mixture of hot water and lye, whether there was any duty to warn plaintiff of the danger of using such mixture *held* for the jury.

4. WITNESS—RESPONSIVENESS OF ANSWER.—Where physicians, testifying as experts, were asked whether concentrated lye and hot water could have caused plaintiff's injury, their answers that a strong solution of lye would be required to inflict such an injury were responsive.

Appeal from Miller Circuit Court; *J. H. McCollum,* Judge; affirmed.

*John N. Cook,* for appellant.

*Wm. H. Arnold, Jr.,* for appellee.

SMITH, J.. Appellee recovered a judgment, which is not complained of as being excessive if there is liability, to compensate his injury alleged to have been sustained while using concentrated lye in washing windows for appellant. This appeal is prosecuted to reverse the judgment, and it is insisted, for the reversal thereof, that no liability was shown, and that error was committed in giving certain instructions.

Appellee testified that he and three other colored men and a boy worked two days for appellant scrubbing floors with hot water and lye, that the three other men were then discharged, and that he and the boy were retained to wash windows and window and door frames.

There was some question whether lye was used for the purpose stated, but the verdict returned indicates a finding that lye was used, not only with appellant's knowledge, but under the direction of appellant's foreman, as these questions were submitted to the jury, and we think the testimony sufficient to support the finding made.

The court gave over appellant's objection an instruction numbered 1 reading as follows: "The court instructs the jury that if they believe from the evidence that on or about January 4, 1924, plaintiff was in the employ of the defendant, and that, while in the discharge

of his duties as such employee, he was, without careless-ness or negligence on his part, which contributed directly thereto, injured by reason of concentrated lye and hot water having been negligently furnished him by defend-ant or its agent, and that said hot water and concen-trated lye were dangerous substances to the human hand, and that the dangerous condition of said concentrated lye and hot water, if any, was unknown to plaintiff and he could not have known it by the use of ordinary care, and that defendant, its officers or employees, negligently furnished said materials, and that same were dangerous, and that the injury resulted from the plaintiff's use thereof while working for defendant, you will find for the plaintiff.''

This instruction shows the theory upon which a recovery was asked and secured, and, in addition to a general objection thereto, it was specifically objected to on the ground that it left out of consideration the fact that the defendant was only required to use ordinary care in seeing that the plaintiff was furnished safe ma-terial with which to work, and also the question of assumption of risk.

Plaintiff testified that he did not know the mixture was dangerous, and that he would not have used it, had he known it. The instruction required the jury to find from the evidence that the plaintiff was injured without carelessness or negligence on his part contributing directly thereto, and to find that the liability of the prep-aration to injure plaintiff was unknown to him and ''could not have been known by the use of ordinary care,'' and to find that the preparation was dangerous, and that the use thereof injured the plaintiff, and that the preparation had been negligently furnished to appel-lee for his use. If these conditions existed, there was no assumption of risk. The instruction did not tell the jury that merely furnishing the preparation constituted lia-bility, but the jury was required to find that this was negligently done. Other instructions, especially those given at the request of defendant, dealt with the defend-

ant's duty in this respect, and in several of these instructions the jury was specifically told that defendant was required only to use ordinary care in the selection of materials for plaintiff to use, and full and complete definitions of ordinary care were given.

It is further objected that this instruction was erroneous in submitting to the jury the question whether or not hot water and lye were dangerous when any one of ordinary intelligence would know that it was. We think it was not prejudicial to submit this question to the jury, even though it was a question about which there could be no difference of opinion, as it was an essential part of the plaintiff's case that the preparation be found to be a dangerous substance.

It is insisted that the danger was one so obvious that there was no duty to warn. This, we think, under the case made, was properly a question for the jury, and one which was submitted under instructions correctly declaring the duty of the employer in furnishing the servant reasonably safe appliances with which to work and the duty of warning where there was danger.

The doubt in the case is whether there was a question for the jury; but, as we have said, the jury might have found from the testimony that lye was used, and that the plaintiff, who it is claimed was a very ignorant man, did not know the danger of using it, and was not properly warned in regard thereto.

Two physicians testified in the case as experts, and in a hypothetical question submitted they were asked to assume that concentrated lye and hot water were used, and, on this assumption, were asked if this could have caused plaintiff's injury, and in answering the question they stated that a strong solution of lye would be required to inflict such an injury as plaintiff sustained. The objection was made that the answer was not responsive to the question. We think the answer was responsive to the question propounded. The testimony did not show the strength of the solution used, but the lye was

referred to as concentrated lye, and the question implied that the lye possessed burning properties, and we think the question did not exclude the idea that a strong solution had been used, and we also think it was not mere speculation for the jury to find that a strong solution had in fact been used.

Upon a consideration of the whole case we find no prejudicial error, and the judgment is therefore affirmed.